UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

ROBERT AMIS REYES,
    Plaintiff,

vs.                                            Case No.:  3:20cv5671/RV/EMT

GAY LYNN REYES,
    Defendant.
_____/

## REPORT AND RECOMMENDATION

Defendant, proceeding pro se, removed this action from the County Court of the First Judicial Circuit in and for Okaloosa County, Florida (*see* ECF No. 1).  The undersigned entered an order advising that based on a review of the notice of removal and attachments thereto, it appears this court lacks jurisdiction over the matter, which involves possession of real property, possibly intertwined with guardianship of a minor child (ECF No. 5).  The undersigned directed Defendant to show cause within thirty days why the case should not be remanded to the state court from which it was removed (*id.*).  Defendant responded to the show cause order but did not show any basis upon which the court could exercise jurisdiction over this case.

Defendant's notice of removal states that she removed the action pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, invoking the court's diversity jurisdiction.  "It

is by now axiomatic that the inferior federal courts are courts of limited jurisdiction." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.2d 405, 409 (11th Cir. 1999). "They are empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution, and which have been entrusted to them by a jurisdictional grant authorized by Congress." *Id.* (internal marks omitted). "Congress, however, may give, withhold or restrict such jurisdiction at its discretion, provided it be not extended beyond the boundaries fixed by the Constitution." *Id.* (internal marks omitted). "And because the Constitution unambiguously confers this jurisdictional power to the sound discretion of Congress, federal courts should proceed with caution in construing constitutional and statutory provisions dealing with [their] jurisdiction." *Id.* (internal marks omitted).

"Accordingly, [w]hen a federal court acts outside its statutory subject-matter jurisdiction, it violates the fundamental constitutional precept of limited federal power." *Id.* (internal marks omitted). "Indeed, such an action unconstitutionally invades the powers reserved to the states to determine controversies in their own courts, as well as "offends fundamental principles of separation of powers," *id.* at 409–10 (internal marks and citations omitted). "Simply put, once a federal court determines that it is without subject matter jurisdiction, the court is powerless to

continue." *Id.* at 410.  "As the Supreme Court long ago held in *Ex parte McCardle*, 74 U.S. (7 Wall.) 506, 19 L. Ed. 264 (1868), '[w]ithout jurisdiction the court cannot proceed at all in any cause.  Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause.'"  *Id.*

"A necessary corollary to the concept that a federal court is powerless to act without jurisdiction is the equally unremarkable principle that a court should inquire into whether it has subject matter jurisdiction at the earliest possible stage in the proceedings."  *Id.*  "The jurisdiction of a court over the subject matter of a claim involves the court's competency to consider a given type of case, and cannot be waived or otherwise conferred upon the court by the parties.  Otherwise, a party could work a wrongful extension of federal jurisdiction and give district courts power the Congress denied them."  *Id.* (internal marks omitted).

"[R]emoval jurisdiction is no exception to a federal court's obligation to inquire into its own jurisdiction."  *Id.*  "Pursuant to 28 U.S.C. § 1441(a) (1994), '[a]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the

place where such action is pending.'" *Id.* (quoting 28 U.S.C. § 1441(a)). "Therefore, when an action is removed from state court, the district court first must determine whether it has original jurisdiction over the plaintiff's claims." *Id.* "If there is jurisdiction, then removal is appropriate and the court may proceed to the merits of the case." *Id.* "However, '[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded' to the state court from whence it came.'" *Id.* (quoting 28 U.S.C. § 1447(c)). "This provision is mandatory and may not be disregarded based on speculation about the proceeding's futility in state court." *Id.*

"Because removal jurisdiction raises significant federalism concerns, federal courts are directed to construe removal statutes strictly." *Id.* "[A]ll doubts about jurisdiction should be resolved in favor of remand to state court." *Id.* "A presumption in favor of remand is necessary because if a federal court reaches the merits of a pending motion in a removed case where subject matter jurisdiction may be lacking it deprives a state court of its right under the Constitution to resolve controversies in its own courts." *Id.*

Here, as set forth above, Defendant invoked the court's diversity jurisdiction. In order for the court to exercise diversity jurisdiction, the amount in controversy

must exceed $75,000, exclusive of interest and costs, and the suit must be between citizens of different states.  28 U.S.C § 1332(a).  "Diversity jurisdiction, as a general rule, requires complete diversity—every plaintiff must be diverse from every defendant."  *Palmer Hosp. Auth. of Randolph Cty.*, 22 F.3d 1559, 1564 (11th Cir. 1994).  "Citizenship for diversity purposes is determined at the time the suit is filed." *MacGinnitie v. Hobbs Grp., LLC*, 420 F.3d 1234, 1239 (11th Cir. 2005).  "The burden to show the jurisdictional fact of diversity of citizenship [is] on the . . . plaintiff."  *King v. Cessna Aircraft Co.*, 505 F.3d 1160, 1171 (11th Cir. 2007) (alteration and omission in original) (quoting *Slaughter v. Toye Bros. Yellow Cab Co.*, 359 F.2d 954, 956 (5th Cir. 1966)).

Assuming Defendant has adequately alleged diversity of citizenship, she has not alleged facts from which one could reasonably conclude the amount in controversy exceeds $75,000, exclusive of interest and costs.  Indeed, the underlying action is based on a *complaint for unlawful detainer* through which Plaintiff seeks *possession of real property*.  Although Defendant seems to seek relief herself, a defendant cannot create an independent basis for federal subject matter jurisdiction by attempting to raise a federal claim.  *See Caterpillar v. Williams*, 482 U.S. 386, 392 (1987).  In any event, the claims Defendant seems to assert are grounded solely

in state law. Moreover, it appears, based on Defendant's allegations, that Defendant does not have an ownership interest in the property at issue. Because the claims at issue in this matter are grounded entirely in state law and Defendant has not shown the amount in controversy exceeds $75,000, the court lacks subject matter jurisdiction. The case, therefore, must be remanded.

Accordingly, it is respectfully **RECOMMENDED**:

1. That this case be remanded to the County Court of the First Judicial Circuit in and for Okaloosa County, Florida.

2. That the Clerk be directed to close the file.

At Pensacola, Florida this 21st day of October 2020.

*/s/ Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u>  An objecting party must serve a copy of its objections upon all other parties.  A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.**  *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**